## SECURITY MUTUAL LIFE INSURANCE COMPANY v. FRANKEL ET AL.

[No. 6,699.    Filed June 22, 1910.]

1.  CONTRACTS.—*Commissions on Insurance Premiums.*—*When Due.* —Under a contract providing that whenever the insurance in force to the credit of such contract equals $100,000, then a certain commission would be paid to the agent on the second and subsequent premiums, "as collected" by the company, such commissions to continue so long as such insurance remains in force, such commissions are payable to the agent only as the premiums are collected; and he is not entitled to collect in advance from the company, nor to set off the probable present value of commissions to be realized therefrom, against a present indebtedness to the company.   p. 217.

2.  PRINCIPAL AND AGENT.—*Report.*—It is the duty of an agent, when called upon, to make an accurate report to his principal and to pay over all sums due.   p. 218.

3.  PRINCIPAL AND AGENT.—*Discharge of Agent. — Contracts. — Breach.*—Where an agent's contract with his principal provides

that the agent's failure to make a report, or to pay over, on demand, any money belonging to the principal, should terminate the agency, a discharge of such agent, where he refused to make a report and to turn over money belonging to such principal, is not a violation of such contract. p. 219.

4. PRINCIPAL AND SURETY.—*Discharge.—Alteration of Contract.—Answer.*—A surety, in order to present the question of a discharge because of the alteration of its contract, must set out such alteration in an answer, the general denial being insufficient to present such a question. p. 219.

From Hamilton Circuit Court; *Ernest E. Cloe,* Special Judge.

Action by the Security Mutual Life Insurance Company against Jacob Frankel and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Miller, Shirley & Miller* and *Frederic W. Jenkins,* for appellant.

*W. S. Taylor* and *Kane & Kane,* for appellees.

RABB, J.—Appellant is a life insurance company, organized under the laws of the State of New York, and having its principal offices in said state.

Having complied with the laws of this State, authorizing it to do life insurance business here, appellant and appellee Frankel, on September 6, 1902, entered into a contract, whereby said Frankel was appointed as the company's general agent to solicit and effect insurance for it in this State, and he was thereby invested with power to appoint sub-agents throughout the State, and was authorized, upon the approval by the company of applications secured by him, to collect the first premiums therefor, and deliver policies to the insured on behalf of the company. By the terms of this contract, all moneys received or collected by Frankel were to be remitted to the company, as often as required by it, and it was his duty to turn the money over to the company or any authorized officer or agent thereof, whenever required in writing so to do.

The contract provided that appellee Frankel was to have

as compensation for his services a certain per cent of the first premium on all policies issued by the company upon applications written by him or his subagents, and whenever the insurance in force to the credit of the contract, that is, when the policies procured by Frankel, exclusive of a certain kind of policy designated in the contract as a nonparticipating policy equalled $100,000, then upon the second and subsequent years' premiums upon such policies, as they were collected by the company, appellee was to have seven per cent, such commissions to continue so long as the $100,000 of insurance on policies of his procuring, of the designated character, remained in force.

The contract provided that the failure or neglect of Frankel to make reports or to pay over on demand the money in his hands belonging to the company, according to the rules and regulations governing agents, should terminate the agency. It also provided that either party might, for just and reasonable cause, terminate the contract, by giving thirty days' notice to the other.

At the same time, by a supplemental agreement between the parties, it was provided that if at the expiration of one year from the date of the contract Frankel so desired, the company would appoint him its collector for the State of Indiana, and for his services in collecting premiums would pay him three per cent of the premiums collected. Subsequently, on July 28, 1903, Frankel was appointed by appellant as its collector, and authorized to collect and receive annual premiums upon its policies outstanding in this State, for which he was to receive the designated compensation, which appointment, by its terms, was revocable at the pleasure of the company.

Subsequently, by agreement, the original contract between the parties was modified, so that the territory covered was limited to certain counties in the State. Under this contract, appellee Frankel entered upon the duties of his agency, and continued in appellant's service thereunder until his author-

ity was revoked by appellant, and the agency terminated on July 14, 1905.

The terms of the contract also required appellee Frankel to give bond to appellant's approval, to secure the faithful performance of the duties of his agency; and, in compliance with this provision of the contract, Frankel and appellee American Surety Company of New York executed their bond, in the penalty of $1,000, to appellant, conditioned for the faithful discharge by Frankel of the obligations imposed upon him by the contract.

This action was brought by appellant against appellees on the bond, to recover for money charged to have been received by Frankel, as appellant's said agent, and which he failed and refused to pay over to the company on demand. To appellant's complaint, the surety company answered by a general denial. Appellee Frankel filed a counterclaim, in which he charged that appellant wrongfully revoked his authority as such agent, and thereby violated the terms of the contract. He claimed damages for the breach.

Appellant's demurrer to the first paragraph of this counterclaim was overruled. It answered in four paragraphs, to which said appellee replied in two paragraphs, appellant's demurrer to the second paragraph of the reply being overruled. A trial was had, and upon request the court made a special finding of facts, and stated conclusions of law thereon, to each of which appellant excepted. Appellant's motion for a new trial being overruled, judgment was rendered on the finding in favor of appellees.

A reversal is claimed in this court on the ground, among other things, that the evidence is not sufficient to sustain the special finding of facts made by the court.

It appears from the evidence and the special findings that in March, 1903, the president of appellant company authorized, so far as he had power so to do, appellee Frankel to take notes payable to himself for the first year's premiums on policies issued by the company upon applications pro-

cured by him, in lieu of the cash, as required by the terms of the contract between the company and Frankel. It also appears that Frankel made a report to the company, which was dated May 10, 1905, but was not received at the office of the company until June 13, following, showing a balance of funds belonging to the company, in Frankel's hands, of $1,088.25, and accompanied the report with a check for $750, payable to the company, drawn on a bank in Indianapolis; that on July 5, 1905, appellant, by its proper officer, wrote to appellee Frankel, demanding that he make a report to the company of all collections up to date of the receipt of the letter by him, and forward with his report a check to the company for the balance in his hands belonging to the company, which report was required to be made by July, 11, 1905.

It appears that at the time this demand was received by Frankel, the check for $750 drawn by him in favor of the company, and forwarded with his report, as before stated, had not been presented to the bank for payment; that for the purpose of preventing its payment Frankel drew from the bank upon which it was drawn his funds on deposit therein, and the payment of the check was, for this reason, protested. He failed and refused either to make a report to the company, or pay over to it the funds in his hands belonging to it, as demanded.

It further appears that at the time Frankel made his report, dated May 10, 1905, and at the time of receiving this demand from the company for a report and for the payment of funds belonging to the company, the extent of uncollected notes taken by Frankel for premiums on policies issued by the company amounted to $664.71; that the company was indebted to Frankel in the sum of $231.54 on account of other matters; that, upon the failure of Frankel to comply. with the company's demand that he make a report to it and pay over funds belonging to it, as aforesaid, on July 12,

1905, the company revoked the contract of agency herein referred to, and notice of such revocation of authority was received by Frankel on July 14, 1905; that upon such date Frankel had in his hands, as funds belonging to the company—treating the $664.71 of notes which he held for premiums as cash—the sum of $2,497.05, and in addition thereto the further sum of $1,085.77 of funds collected by him on brokerage business; that the company was at that time indebted to him, as before stated, in the sum of $231.54; that appellant had in force at said date insurance on Indiana policies, issued during the period covered by the contract here involved between the parties, amounting to $512,833; that the present value of seven per cent of the renewal premuims on said policies amounted to $7,910; that the court found that this amount was due to appellee Frankel on account of said premiums, and the judgment of the court in favor of appellee Frankel is predicated on this finding. If this finding was wrong, and appellee Frankel was not entitled to recover on his counterclaim the present value of what he was to receive of these renewal premiums, then clearly the company owed him nothing, and he was largely its debtor.

The contract between the parties in reference to the compensation Frankel was to receive for his services was very plain and specific in its terms, and was not to be construed to mean anything different from what is expressed therein. In reference to what was to be paid to him on renewal premiums, it was as follows:

1.

"Whenever the insurance in force to the credit of this contract * * * equals $100,000, then upon second and subsequent years' premiums, as collected by the party of the first part, under the terms of this contract, there will be allowed and paid to the party of the second part a renewal commission of seven per cent on said participating policies, such commissions to continue so long as $100,000 insurance upon participating policies written under the terms and conditions of this contract remain in force."

It is very clear that under the terms of this provision of the contract nothing whatever was due Frankel until the company had collected the premiums to which it referred. At the time the company made its demand upon Frankel for a report and payment to it of the funds in his hands belonging to the company, the company owed him nothing upon this account.

The theory upon which it is apparent the court based its finding, that the company was indebted to Frankel on account of future premiums, was that the company had wrongfully revoked Frankel's authority to act as its agent, and that it was competent to consider the present worth of the sums contracted to be paid to Frankel in the future, out of the renewal premiums, in estimating damages for such breach of the contract.

It appears that at the time appellant made the demand upon appellee Frankel to report to the company his collections, and to pay over to the company the funds in his hands belonging to it, he had a large amount of the company's funds in his hands, exclusive of the notes which he claims were not to be accounted for until collected. Instead of making his report, and stating therein his account with the company as he claimed it should be, he drew from the bank the funds against which he had drawn a check for $750 in favor of the company in payment of funds which confessedly he had in his hands belonging to the company, and this for the express purpose of preventing the company from obtaining that which was its own, and keeping the company's money in his own pocket. Good faith, the express terms of his contract, and his duty, under the law as the agent of his principal, regardless of the contract, required, when demand was made on him by his principal for a report, that he should make a full and complete account, showing the amount, if any, due to the principal, and to accompany his report, when so demanded, with the cash balance due to the principal. Had Frankel done this, and then have been, with-

out cause, discharged, there would have been grounds to say that his discharge was wrongful, and the company could be held liable for such damages as might be recovered for a breach of the contract. But under the facts exhibited by the record, his discharge was fully warranted, was not 3. wrongful, and there could be no grounds for the recovery of any damages for a breach of contract; and the only recovery that he was entitled to was one, not for a breach of the contract, but for such as the contract gave to him, and the court clearly erred in finding that there was any sum due Frankel on account of premiums not yet collected by the company.

A point is made by appellee American Surety Company, on the ground that there had been a material alteration in the contract without its knowledge or con- 4. sent, whereby it had been discharged from its liability as surety for Frankel upon the bond herein. In order to entitle the surety company to maintain its defense, it was essential that it should have been pleaded. The only answer made by the surety company to appellant's complaint was a general denial. This point is not available under this plea.

The judgment of the court below is reversed, and a new trial ordered.